UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br><br>v.<br><br>WILLIAM DIXON ADELMAN,<br><br>                            Defendant. | Case No.:  17CR3580-JLS<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**<br><br>**[ECF No. 79]** |

      Pending before the Court is Defendant William Dixon Adelman's Motion to Reconsider Court's Order Denying Motion to Reduce Sentence Pursuant to First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 79). The Court has carefully reviewed its order denying compassionate release in light of Defendant's motion, the Government's responses in opposition, Defendant's reply, Defendant's pro se reply and the numerous pro se exhibits submitted by Defendant. The Court maintains its view that compassionate release is not appropriate in this case. Accordingly, the motion for reconsideration of the order will be denied.

      Defendant contends that reconsideration of the Court's order is warranted because of exceptional circumstances and the Court's "misapplication of the law." Defendant argues that the conditions of confinement at FCI Lompoc combined with Defendant's medical condition[1] constitute exceptional circumstances warranting reconsideration of the

---

[1] Defendant Adelman has Type II diabetes, obstructive sleep apnea, is 55-years of age and is overweight. Mot. Reconsideration, ECF No. 79 at 3.

1

Court's order.  However, if anything, the current conditions at FCI Lompoc and Defendant's refusal to accept a COVID-19 vaccination persuade the Court that relief is not warranted despite Defendant's medical condition.

In its initial order, the Court did not address the question of whether Defendant's medical condition combined with the conditions of confinement during the COVID-19 pandemic constituted an extraordinary and compelling basis for relief, the Court denied compassionate release solely on the risk of danger to the community and 18 U.S.C. § 3553(a) factors.  Were the Court to revisit this determination today, the Court would conclude that Defendant's medical and confinement conditions do not constitute an extraordinary or compelling basis for relief.  The Bureau of Prisons has undertaken extensive measures to prevent the spread of the COVID-19 virus within its facilities and inmates and staff began receiving vaccinations soon after they became available.  Presently, 1,500 inmates at the Lompoc complex have received full inoculations and no inmates or staff are testing positive for the Coronavirus at FCI Lompoc, where Defendant is housed. Federal Bureau of Prisons, "COVID-19 Coronavirus," https://www.bop.gov/coronavirus/ (last accessed October 7, 2021).  Today, the risk of contracting the virus is significantly reduced and may no longer present a compelling basis for compassionate release even for those with serious medical conditions.  Furthermore, Defendant has declined a COVID-19 vaccination, a factor weighing against a finding of extraordinary and compelling circumstances. *See United States v. Baeza-Vargas*, No. CR-10-00448-010-PHX-JAT, 2021 WL 1250349 *3 (D. Ariz. April 4, 2021) (collecting cases). Therefore, the Court is not persuaded that reconsideration is warranted because of Defendant's medical condition and the current conditions of confinement at FCI Lompoc.

Defendant also contends that the Court erroneously failed to consider the pandemic, the conditions of confinement, and Defendant's risk factors in its Section 3553(a) evaluation.  The Court did in fact take these factors into consideration, the circumstances of Defendant's incarceration during the pandemic with potential COVID-19 risk factors were the root of the entire motion and would have been impossible to ignore.  However,

against these factors the Court found even more compelling the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to protect the public from further crimes of the defendant and to provide rehabilitation and treatment.  The Court considered all of the relevant Section 3553(a) factors in its determination; therefore, the Court's Order did not erroneously apply the law.

For the reasons set forth above, the Court concludes that reconsideration of its order denying Defendant's motion for compassionate release is not warranted.  Defendant's Motion to Reconsider Court's Order Denying Motion to Reduce Sentence Pursuant to First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) is **Denied**.

IT IS SO ORDERED.

Dated:  October 8, 2021

Hon. Janis L. Sammartino
United States District Judge